Document(s) 2 of 3
Total Pages: 7
Inmate Initials Verifying Page Count: KW
Document Title: First motion to amend complaint
Inmate IDOC #: 119473
Date: 4/21/20
Case No: 1:20-cv-00008 Inmate Name: Kent Williams REB

Kent Williams
119473 - ISCC
P.O. Box 70010
Boise, Idaho 83707

United States District Court
For The District of Idaho

Kent Williams,
   Plaintiff,

   v.

Associate① Warden McKay,
et al

No. 1:20-cv-00008-REB

First motion to Amend complaint

---

Plaintiff seeks permission to Amend his ~~original~~ initial complaint.

The original IRO (DKT 11) was issued by Judge

---

① The correct title is Deputy Warden(s). Plaintiff made the error based on staffs' identification number being called "associate" Id. No. A request has been submitted to the court clerk to change the heading to Deputy (D.W) warden McKay. That is used herein.

First motion to Amend complaint. -1-

Winmill, then the case was reassigned to Judge Bush.

The IRO pointed out a couple of deficiencies, and ~~and~~ Judge Winmill's made several errors when he denied several claims and made unsupportable factual interpretations.

Plaintiff amends and adds necessary language and asks this court to independently review the amended complaint and reconsider the IRO in parts, such as:

The IRO is at times not consistent with 9th circuit law. It cites unpublished cases, Idaho and other state Appellate court cases, and its own previous rulings apparently not appealed. It also severely takes cases totally out of context and does not reflect their actual meaning, including the controlling cases for this complaint, Bradly v Hall, Cry v Brodheim, and later affirmed by Richey, (unpublished).

1) The IRO rejects several claims for not countering potential defenses, such as being required to prove that a grievance was not frivolous. Williams is not required to do so. He merely must state an allegation

First motion to Amend complaint-2

that if true violates the constitution or Federal statute. Submitting a Ham sandwich and calling it a grievance is not valid as well as submitting a frivolous grievance but does Williams have to prove in his complaint he did not file a ham sandwich as well? ~~who~~ see Richey v D. Dahne, No. 12-36045, D.C. No. 3-12-cv-05060-BHS; 624 fed App'x 525 (2015)②, it is the conduct of the defendant that is alleged in the complaint... In fact as in Richey v Dahne, 733 F. App'x 881 (9th cir 2018, unpublished) if the grievance was rejected for "unnecessary language" (frivolous?) when the suit is filed the defendant can not then add other reasons it was rejected. Richey, Threatening (also protected conduct, Bradly which this court simply disagrees with and refuses to acknowledge, it appears from the TRO) Here, the defendants can not now add frivolous if the record only shows it was rejected for disrespectful language. Williams will not prove his grievances were not frivolous at this stage and let the court of appeals decide who is right. also, what if the defendants simply admit in their answer the specific allegations are true? <u>The Judge was being very</u>

Williams apologises. Quite often he will not be able to cite volume page numbers as he often gets his case law ~~tha~~ from outside sources who download from the computer.

First motion to Amend complaint -3

contrary to the plaintiff. Williams will however, when possible (discovery can fill in a lot of gaps, williams believes that the proper process it is to let the complaint procede to that stage ---) he will summarize the issues. But, at times, the defendants completely destroyed all records ("pink-slip as well, or failed to document, i.e., file, i.e, being denied the right to file a grievance. See williams [me] v fox.

Initially, the court rejected williams's complaint for not including a copy of the grievance fox Destroyed to review for merit - wasn't frivolous also improper of the court - but the court upon reflection (motion to reconsider) realized its error. Nor is spoilation a legitimate defense fox tried to claim).

Please read liberally and allow discovery.

The ERO court made a series of errors. It properly cited Rickey, Id but failed to fully cite it. Prison officials may return a grievance asking an inmate to rewrite to eliminate disrespectful, unnecessary perceived frivolous (This court is simply taking that frivolouse langage out of context, frivolousness is alleged After the grievance is filed, accepted for investigation. A guard can not subjectively take a submitted grievance, look at it and refuse to FILE it because he simply alleges he thinks it frivolous)

First motion to Amend Complaint - 4

languge. But if the inmate does not rewrite[3] it and the grievance is dismissed as a result then a constitutional violation occurred.

Judge Winmill accepted the complaints-claims- in which the grievances were returned as "no response" but not when the grievances were returned for rewrites and when Williams refused to rewrite, and as a result the grievance was dismissed. Clear error. Rickey, Id. The Judge failed to cite the full sentence in Rickey. simply cherry picked.

RE Defendant Husk. Quite clearly his conduct, as alleged, and claims Williams he has written confessions of Husk, violated Williams's right to petition and exercise of free speech, not just his right to use the U.S. mail (why one but not the other).

Williams respectfully submits that Judge Winmill was simply in clear error on those claims against Husk, re petition, retaliation, chilling, etal. Winmill also failed to recognize Husk's alleged comments verbally

---

[3] In the states certiorari (Rickey) they say that was a paradoxical position of the 9th circuit court of appeals. Williams believes that the Rickey court was merely saying "it doesn't hurt to ask", as long as the grievance is ultimately accepted as written with the protected language.

First motion to Amend complaint - 5

And the threat to take more priviledges is the oposite of vague. It is quite specific, incredibly specific (see also Brodheim, "Be careful what you write" was deemed to have stated a claim of a chilling effect). Presumedly Husk made that threat for some reason, presumedly Because he thought it was an affective (specific) threat.

C-Notes.
again, presumedly the guard threatened williams with a C-note because she/he felt it was a coersive consequence. As the ZRO court even stated, it notes RULE VIOLATIONS! c-notes prevent inmates from getting jobs, lower classifications, parole, etc. A c-note is clearly, unarguably, a reprisal, Adverse consequence and a chilling action.

Perhaps these c-note claims should procede and through discovery ⁽⁹⁾ it be determined if they have adverse consequences for inmates?

RE initial complaint page 5 para 8-9. The court did not explain why that grievance was not a grievance. It was Inmate accountings' job to give

⑨ Williams also intends to acquire his c-notes to see if additional defendants are warrented and to potentially amend to have them expunged!

First motion to Amend complaint - 6

Williams an account statement, they would not, he grieved them "to do their job and give [him] an account statement." That, irregardless of the fact it was written on a grievance form, is certainly a grievance. It has the issue, the people who were were doing the offending, the sought for remedy, etc.

Initial complaint, pages 8-11, paras 27-38. Of course that stated a cause of action on all grounds. Williams will not dignify that contrary decision. That's simply an untensible claim. Nor did Williams assert SOP (and Greenland's memo) 316.02.01.001 and (which the court failed to mention in the irrational foot note 5 of the IRO) 318.02.01.001 gave him procedural rights or liberty interests. It is simply an inconvienient fact that when prison officials state an inmate can do X and he does X then gets infracted, prison officials violate the inmates rights and clearly established law. Those SOPs did give Williams protections against punishment - for the authorized behavior!

Thank you for taking the above into consideration
_Kent Williams_    April 16,, 2020
Kent Williams

First motion to Amend complaint - 7