Case No: 1:20-CV-00008-REB    Inmate Name: Kent Williams
Kent Williams    Date: 4/21/20    Inmate IDOC#: 119473
119473-ISCC    Document Title: First Amended Complaint
PO Box 70010    Total Pages: 20    Inmate Initials Verifying Page Count: KW
Boise Idaho 83707    Document(s) 3 of 3

United States District Court
for the District of Idaho

Kent Williams,
  Plaintiff,

  v.

DW McKay,
et al, Defendants

Case No. 1:20-CV-00008-REB

First Amended Complaint

This is a 42 USC § 1983 civil rights complaint. This court has jurisdiction over my claims.

A Jury Trial is Demanded

My name is Kent Williams, a prisoner committed to

\* McKay's correct title is Deputy Warden, not Associate Warden as was initially titled by Plaintiff.

First Amended Complaint - 1

Idaho Department of Corrections (IDOC) currently residing at Idaho state corrections center (ISCC)

I am suing each of the following defendants in their personal and official[1] capacities: DW McKay; various DOES; Morrison, B101; Warden Christensen; Zudak, O218; Warden Blades; Morgan Kevan; Kelsey Howard, C225(?); Radzyminski, B297; LT Lau; DW Dietz; Klingensmith, 5928; LT. Husk; Y/O Baker; Y/O Chappele, B479; Y/O Olsen, B489; Y/O Held, B482; Y/O Sanabaria, 2406; CpL Tramel, O223; Y/O White, A521; Y/O Frahs, C131; cpL Janoushek; Y/O Contreras, 8771. These defendants are IDOC employees employed by the state of Idaho.

## INTRODUCTION

(See DKT 11, Initial Review order, Judge Winmill cites and details the grievance process as well and more artfully). IDOC has established an inmate grievance program. SOP 316.02.01.001. It has "(3) components: concerns, grievances and Appeals. The first step to seek redress is the "filing" (to be allowed to file is a right (which The IRO failed to recognise! see Brodheim, Hall, Richey, etal. well est. law)) of the concern form (CF) then the grievance/Appeal form (same form).

SOP 316.02.01.001 is in part a violation of long ago clearly established 9th cir law, as it allows for

---

[1] Injunctive Relief is sought

First Amended complaint - 2

rejections of grievances for impolite language; "uncivil, harassing, vulgar", etc (SOP).

If a CF is not answered because the respondent alleges that the c.f. contains, in their subjective opinion, (see Bradly, Brodeim) uncivil (harassing, vexing etc, Id) language then the inmate will not be allowed to progress though or access the grievance systems' stages. A copy of the "answered" cf must accompany the grievance/Appeal form ("Formal" stage). If the "answered" cf states "No Answer" due to preceived uncivil, harassing, etc, Id, language the grievance is dead, no further action on the issue will be taken. AND If the staff member who picks up the CF to be processed and <u>filed</u> reads it and refuses to sing it and instead returns it (or trashes it!) without being <u>filed</u>, due to their preceived concept of "inappropriate" language, Id, the grievance is also dead because the 3 page NCR form has no signature as proof of being turned in (FILED), and a pink slip without a signature is a non starter, because a pink slip without a signature is not accepted any more than one with a written "no responce". once a staff member refuses to sign and process a grievance (E.F.) it is dead and that staff member violated the law to file a proposed grievance (merit, i.e., not frivolous must be done by a process, "Frivolous" must be done as a reply. Winmill, etaL, also misapply the turner test. They omit <u>Bradly's</u>

conclusion of alternative means (Keep the offensive language -forms- from the targeted staff).

Per SOP 316.02.01.001, reprisals against inmates for the use of CF's or the grievance/Appeal forms are strictly prohibited (#6, 2d). Notice is given very clearly to inmates that they can __not__ ever be disciplined (written a disciplinary report or otherwise) for any language or content they use in a CF or grievance form. No exceptions. Notice is given that if the language in a CF is deemed "harassing" or "intimidating" the only advise and illegal action against the inmate is that the form be returned __requesting__ a rewrite. Infractions are strictly prohibited per SOP 316.02.01.001 as well as SOP 318.02.01.001, "The disciplinary system must not be used as retaliation for an inmates use of the grievance process, to include use of the [CF, grievance/Appeal forms]."

In addition to the two posted policies, on August 2nd, 2019 LT Greenland also issued each inmate a memo stating that if a CF (allegedly) contains harassing or intimidating language staff can only return it requesting it be rewritten. No disciplinary action is authorized. Inmates are clearly assured of this.

## CLAIMS

(1) Approx. January 10, 2018 I initiated a grievance using

First Amended complaint - 4

the cf. The issue was about a guard issuing a "C-note" (a very adverse action for an inmate. It effects parole, job eligibility, classification, housing, restricted housing releases, etc. It is a very chilling action) for the use of protected speech in another cf, alleged disrespectful language.① DW McKay returned the cf on January 17, 2018 attatched to a copy of sop 316.02.01.001, citing the unlawful sections: rejections for uncivil language. This was a "No answer" and thus stopped the grievance process, thus McKay violated my First Amendment right to petition and exercise of free speech.

(2) On or about January 12, 2018 I sent a cf to medical to grieve a medical issue. DW McKay returned it for the sole reason he deemed the cf to contain disrespectful language (citing "sop 316.02.01.001 page 7"). This was either a No reply or a request to rewrite. Either interpretation, I did not rewrite to exclude the protected language and as a result the grievance was not answered, investigated or allowed to proceed through the various stages. (see _richey_). McKay violated my first amendment right to petition and to exercise free speech.

---

① I may use "disrespectful" to encompass protected language such as "uncivil", "impolite", "harassing", "intimidating", "vulgar", "inappropriate", "vexing", "use respectful language", etc. Various staff at various times used these terms to reject and to punish. All these terms and intents are encompassed by 9th cir ct of Appeals case law - This court is refusing to comply is all.

First Amended complaint - 5

(3) February 2018, after the ISCC grievance coordinator Emily Morrison returned several grievance <u>grieving conditions of confinement and staff misconduct</u>, <u>which is allowed by policy</u>③ (through discovery the grievances can be obtained and submitted as exhibits in pleadings. Rejecting grievance for containing "disrespectful language" states a plausible cause of action if true. Defendants are welcome to dispute this valid claim), refusing to process and investigate due to language she deemed to be harassing and/or personal attacks. Instead of rewriting to omit the protected speech and content I instead sent her notice and cites of <u>Brodheim and Bradly</u>. she sent back a reply on February 27, 2018, "I have been told to follow policy 316.02.01.001."

(4) I did not rewrite and the grievances were thus dead and they. Morrison as well as the staff (Doe) who instructed her not to accept the grievances violated my First amendment right to petition and exercise of free speech.

(5) A couple of days later I talked to her infront of The cell I was locked in. she acknowledged reading the case law and admitted that <u>following such a policy is not a</u>

③ this language is what Judge Winmill believes was missing to state a claim. I believe it is unnecessary to do so but I do so to assure this is accepted without a need for a later appeal and to follow the courts desires and instruction.

First Amended complaint - 6

legal defense. Approx march 1, 2018 I sent morrison a contemparaneas kite documenting our conversation. It stated in part, "you do not dispute the cases are controlling - you were just told to break the law?" Her march 1, 2018 reply, "I was told to follow policy. I will process any one that is within IDOC policy."

(6) Morrison continued to reject several more grievances that were allowed by policy grieving conditions of confinement and staff misconduct. They were not alleged to be rejected for being a Ham sandwich or frivolous or ANY other reason. I either was not given the oportunity to rewrite to eliminate the disrespectful language (or add mustard to the sandwich or includement because the issue is the language not frivolousness) or I simply refused to rewrite and the grievances were not processed. Morrison's and the DOES actions violated and CHILLED my right to petition and exercise free speech.

(7) Approx. January 14, 2018 I attempted to grieve zumate accounting for refusing to provide me with an account statement I started the process by sending zumate accounting a cf encouraging them to do their job and send it to me. Mckay returned the cf with a "no answer", thus the grievance was terminated. Mckay violated and chilled my right to petition as he did so for perceived disrespectful but protected speech.

(8) ON or about may 3, 2018 I sent ZSCC warden christiansen a cf putting him on notice (not required by me)

First Amended complaint - 7

that his staff is rejecting grievances for illegal reasons. I notified him that Rickey recently reafirmed Bradly and Brodheim. I pointed out he is a "stupid fuck, lock up [Rickey]."

(9) Deputy warden (DW) mckay returned the cf on may 7, 2018, "you can rewrite this appropriately if you'd like a response."

(10) Both christensen and mckay violated and chilled my first amendment right to petition and violated superior liability laws by not correcting their subordinates.

(11) I also did not rewrite the cf and thus the grievance was dead.

(12) Approx. April 11, 2018 I attempted to grieve morrison's notion a person can harass a person in a grievance. I initiated it by sending morrison a cf, "How the fuck can I harass a staff member in a grievance sent to you if the complained about Puke [A common term for guards] does not see the grievance[...] have you stopped to think about that?" (see Bradly.. why this policy does not pass a TURNER test)

(13) mckay intercepted this and gave a no response. Thus killing the grievance and violating my 1st amendment rights.

(14) Approx may 16, 2019 (correct date - 2019) I sent a cf addressed to ISCC mail room. I was grieving rejections of out going legal mail. After stating the merits of this behavior I asked a legitimate question needing to be answered, "you that stupid?"

(15) Approx. June 17, 2019 A-Unit SGT Zudak, 0218 sent the cf back, "you need to address staff appropriately."

First Amended complaint — 8

this is clearly a "no response" killing the grievance. However, if this court generously construes this as a request to rewrite & Z did not rewrite, thus the grievance died. (Again, see the entire sentence in <u>Richey</u>). Zudak violated my First Amendment right to petition and exercise of free speech. (Richey: the

(16) prison can ask the prisoner to rewrite, "But, the violation here [and here] occurred when Dahne refused to allow the grievance to proceed through the administrative process after Richey did not rewrite it in a way that satisfies Dahne's sense of propriety. Functionally..." other cases also address harassment (as does Bradly Brodheim, and other catch phrases to reject grievance for context. This court here has routinely taken cases out of context or cited courts without authority in this jurisdiction. Even threatening language is protected. See turner analysis. And as a functional matter, by IDOC policy if a rewrite is not received, the grievance does not proceed. Judge Winmill is simply wrong here and giving false analysis by omition. And ignoring the logistical policies of the grievance process.

(17) Approx. May 27, 2018 ISCC Warden Christensen received my CF, "can you train your inbred idiots? To stop reissuing [food] trays and food [not on the tray] they issue to other cells and then retrieve after being in anothther inmates cell.="

(18) On May 30, 2018 Christensen returned it, "you may resubmit with appropriate language" I did not choose to rewrite (nor could I figure out what language was not "appropriate." 9th cir is correct. It's highly subjective). Thus the grievance did not "proceed through the administrative process." (It's 9th cir cases with authority

First Amended complaint - 9

here. Not Washington and Idaho state court cases.)

(19) All named Defendants continuous illicit behavior had severely chilled my right to petition. I rarely grieved anymore as it became an exercise in futility and too antagonistic. However at times important situations would arrive requiring I try to petition. One such incident was;

(20) October 11, 2018 the ISCC paralegal returned my post conviction petition to copy. He returned it claiming its not an access to courts issue - document. So he refused to make copies of it. I sent him a cf trying to get him to realize he's an idiot and to copy it.

(21) McKay intercepted it and gave a no reply due to alleged preceived disrespectful language thus killing the grievance. He violated my right to petition.

④ (22) Approx. January 1, 2019 grievance coordinator Morgan Keevan returned unprocessed several grievances. Some were grieving conditions of confinement, staff misconduct, staff refusing to process - FILE (i.e. no record made, see s.o.p.)

④ The initial review court did not recognize there were 3 issues (claims) in re Morgan Keevan. Several grievances were involved and rejected for multiple issues. Disrespectful language, failing to correct illicit behavior of subordinates. I also explain with more clarity why there were no "pink slips" on a few grievances. (Some did have and were simply rejected for dis. lang - not being frivolous.) I correct the preceived deficiencies. Also note the court forgot to respond to paragraphs 22, 23 - failure to correct subordinates.

First Amended complaint - 10

CF's because they preceived them to contain disrespectful language. Some grievances she refused to process had pink slips with no responses for disrespectful language. Some grievances had no pink slips. Because, what was being grieved, staff refused to process the CF's (3 NCR (pages)). They refused to sign the CF. A pink slip without a signature indicating it was picked up is non existing functinally.

(23) Morgan failed to correct staffs' misconduct, process the grievance without A pink slip and simply refused the (some) grievances due to allegedly containing disrespectful language - "no responses" also. Morgan Kevan violated my first amendment right to petition.

(24) In January of 2019 I grieved Kevan's actions (# 18000050) of failing to honor my right to petition (stating basically the above). Defendant Kelsey Howard became aware of subordinates illicit behavior (including that of Kevan's) but refused to correct the illigeal denials and chilling effect, citing the illegal SOP as his (gender not certain. no disrespect meant if incorrect) reasoning. Howard violated my first Amendment right to petition.

(25) Wardens' Blades and McKay reviewed the grievance and upheld Howards reply and failed to correct their subordinates illicit behavior that was preventing me from petitioning and chilling it.

(26) Approx February 16, 2019 Kelsey Morgan returned without processing a grievance I submitted grieving conditions of confinement and staff misconduct for the sole reason (it wasnt claimed to be frivolous, none the less I include the subject matter, Id)

First Amended complaint - 11

it contained disrespectful language. It was not processed as the sole reason Howard deemed it to contain disrespectful language. Regardless, No option of rewrite given, I did not rewrite and as a result it was not processed. Thus Howard violated my right to petition.

(27) Approx February 22, 2018 grievance coordinator Morrison rejected a grievance I submitted over conditions of confinement and staff misconduct because she alleged that she perceived it to contain "personal attacks or harass staff members". (It wasn't alleged it was frivolous thats not going to be a matter for debate in this suit. It was rejected for perceived protected speech). Morrison violated my First Amendment right to petition.

(28) Approx March 23, 2018 warden christensen refused to answer, "Appeal can be re-submitted if written respectfully" notwithstanding I couldnt possibly know christensen's "sense of propriety [respectfulness]" Id, etah. I did not rewrite and thus I was denied an answer to my petition.

(5)(29) On or about August 25, 2019 I turned in a CF in an attempt to initiate a grievance to address staff retaliatory sanctions that should not have been imposed. The CF was addressed to "Ass. Warden McKay" It went to A-unit desk (I wasnt given a pink slip, usually its signed at the cell door and

---

(5) this issue is basically rewritten the same. Its simply an untenable ruling by Judge Winmill. He also failed to mention Radzyminski's threats. This states several 1st and 14th Amendment claims. fACT.

First Amended Petition - 12

the pink copy is given. sometimes anyway, staff take the entire 3 copies and no pink slip is given back). When, later next shift, C/O Radzyminski, B297 came into work, saw the grievance, and instead of processing (in this case, simply allowing it to continue through the institutional mail to who it was addressed to. C/O Quinn picked it up and deemed it not something to stop/ infract over), Radzyminski issued a disciplinary report, the alleged violation of the grievance was "34. Harassment (class B)." He <u>speculates</u> that the grievance was filed, "all this was done in a ~~staff~~ blatant attempt to harass and intimidate staff through words to get the sanction removed" (Talk about a chilling effect of this idiots new bizarre limitations of what the purpose and limitations of "words" that can be used in a written grievance. Anyone who gives compelling reasons his grievance should be granted is now intimidating etc. See Brodly, etaL, etaL, etc, etc, or to vigorously make his case - or threaten to sue as here, also a threat over protected activity - is "~~int~~ harassing". There is reasoning and common sense behind Brodly, etaL).

(30)    In addition to all of the quite blatant first amendment violations of the Defendants actions - Quite Blatant and apparent - Radzyminski also violated my fourteenth amendment rights. Inmates are notified - as well as staff - that under no circumstances can staff infract for any language they use in any form related to the grievance process. The grievance SOP and Disciplinary SOPs Id, give notice to inmates of acceptable authorized behavior they can not be

First Amended complaint - 13

disciplined for. The sop and memo, Id, state that offensive language, including "harassing" (protected speech!) can not be disciplined. the cf can only be returned Requesting, Rickey, Id. it be rewritten. or a "no answer" be given.

(31)    later, I stopped Radzyminski at the cell front and pointed out that he knows there are multiple posted rules prohibiting him from infracting me for "words" I use in a cf. He got a frightfully aggressive countence (inmates are aware of his violent tendencies, he has "Roid Rages") and said, (to the best of my memory. I wrote it down a few hours later. I was shaking too bad to immediately write it down) "your disrespectful cf's are going to stop. I'll try this first. you beat it (get it dismissed) its plan B. I see anymore cfs I interpret as inappropriate, the next trip down the steps may be bumpy. I dont tolerate this badge being disrespected by any filthy offender. or I might just come in that cell and knock your teeth out. this disrespect will end, period. your life means nothing to me". That officially ended my grievance writing while in IDOC until this suit—which now chills their behavior—or I thought, until Winmill said this is acceptable behavior! Radzyminski violated my right to file grievances as he stopped it, he violated my right to free exercise of speech, he chilled it, he retaliated for exercising those rights, he retaliated for threating to sue IDOC, his reasoning to infract, refuse to file can not reasonably be deems in good faith (even if that was actually a legitimate defense) as his infraction was simply moronic, irrational, idiotic, bizarre and made no sense.
First Amended complaint - 14

Radzyminski violated my 14th amendment right by infracting me for conduct authorized by very posted rules and notices.

(32) The following defendants also violated the same constitutional rights by their participation in the disciplinary process and prevention of the grievance from being filed:

(33) LT Lau, 4785 approved of and "signed off" on the infraction; Klingensmith, 5928, reviewed the disciplinary report and up held it and then imposed a sanction against me of loss of phone privileges for 60 days. The infraction adversely affects parole, classification, visits, work assignments, etc.; Directly after Klingensmith invoked the disciplinary action, the report went to DW mckay to be upheld, dismissed or amended. He became aware that his subordinates violated my first and fourteenth amendment rights but failed to correct the situation. He sat on the sanction report for Three (3) weeks before he forwarded to DW Dietz, 5259, to be reviewed and dispositioned. Dietz upheld the disciplinary action of Klingensmith and also failed to correct the unlawful behavior of the above mentioned subordinates.

(34) Approx January 9, 2018 Yo chappelle took one cf, grieving ⑥

---

⑥ Again, though I am not required to do so, prove not frivolous, I do anyway. The violations here is in not filing a grievance (Brodheim) and thus no record exists (if destroyed, esp.). Def. cant destroy the record, refuse to file for claim frivoulessness. Such a claim must be made AFTER it is filed, in writing and then I, per policy, get to appeal such a claim. Purpose of a grievance is to have it deemed meritorious!

First Amended Complaint - 15

staff misconduct and conditions of confinement, from the cell door. She read it and returned it unsigned or processed because; "The language is not appropriate." After Z explained its the law she process-file my submitted grievances. She took the cf and letter, addressed, stamped and sealed Z was attempting to mail out. She then walked to a unit trash can and trashed the letter and cf and walked back and replied, "there its filed." She trashed my mail and cf per LT Husk's "suggestion." Trashing, without filing a grievance (and for additted reason of protected speech states a cause of action. Winmill is simply unarguably wrong. However) the cf was grieving staff misconduct and conditions of confinement. Chappelle and Husk violated my First Amendment right to petition and use the mail-correspond.

(35) Approx. January 8, 2018 I placed four (4) cfs through my cell door to be processed. Z was grieving conditions of confinement and staff misconduct (hers for one). Yo olsen took them, read them and threw Two (2) in a trash can in view of my cell (24 hour lockdown). She said she did this because the grievances contained disrespectful language, And she was acting on LT Husk's orders.

(36) Approx. January 10, 2018 olsen took Two cf's grieving conditions of confinement and staff misconduct (hers) that Z had placed through the cell door for processing. After reading them she rips them up and trashes them. She told me that, and put in writing that if my cf's contain disrespectful language she can trash them and any other mail sticking out my cell

First Amendment complaint - 16                    (U.S.)

door per LT Husks authorization. Olsen and Husk violated and chilled my First amendment right to petition and have filed grievance with perceived disrespectful language and to access the US mail. They chilled these rights as well.

(37) Approx January 9, 2018 I placed out of the cell door for processing a cf grieving conditions of confinement and staff misconduct. Yo Held refused to process it because, she said, it contained disrespectful language. She also told me (it's irrelevant if she actually did in re the chilling claim. see Brodheim⑦. Winmills cited cases are misapplied and to say an infraction isn't an adverse consequence is irrational (or biased)) she will file a C-Note which has devastating and lasting negative consequences, including Release from prison.

(38) Yo Held violated my right to petition and to be free of adverse consequences for protected activities.

(39) Approx January 8, 2018 Yo Sanabaria refused to process a cf grieving conditions of confinement and staff misconduct. He took it and a few minutes later it was returned unprocessed "use appropriate language in your concern forms." This was a "no response." Thus the grievance was killed. I asked him if he is refusing to process it per CPL (superior) Tramels order. He Replied, "yes."

(40) ~~Sabrina~~ Sanabaria and Tramel violated my right to petition.

_____

⑦ Winmill also forgets I demanded a jury trial. A jury is to decide if that action and threat would chill a person of ordinary firmness. And if merit was an issue, also a jury is to decide.

First Amendment complaint - 17

(41) Approx. January 11, 2018 4/0 white refused to process a CF grieving conditions of confinement because she deemed it to contain "harassing language" (define that!).

(42) White violated my first Amendment right to petition

(43) Approx January 7, 2018 4/0 Frahs refused to process Two CF's grieving staff misconduct, for the sole reason she, in her subjective, alleged opinion, deemed them to be disrespectful. Thus the grievances were killed.

(44) 4/0 Frahs violated my right to petition

(45) Approx January 7, 2018 cpL Janoushek refused to process four CF's grieving staff misconduct (his subordinates conduct, Id) and conditions of confinement because he alleged they all contained disrespectful language. This killed the grievance process. Janoushek violated my first Amendment right to petition and to exercise free speech.

(46) Approx January 8, 2018, 4/0 contreras refused to file two CF's grieving staff misconduct (allowed per policy) because, in his subjective opinion, used words he personally found to be offensive and disrespectful. Thus the grievances were killed. Contreras violated my first Amendment right to petition.

⑧ (47) During the month of January of 2018 several staff (all named, id)

⑧ in addition to winmills absurd contention that a threat to take privileges is too vague to state a chilling claim he also ignored the fact that Husk simply ordering-encouraging-staff not to file (irregardless of the oter actions) grievance for alleged preceived dis- respectful language is a violation of law-rights (and chilling).

First Amended complaint - 18

told me that LT Husk had authorized or suggested - encouraged - them to refuse to process or destroy grievances and personal US mail (outgoing) if they deem submitted grievances to contain disrespectful language accompanying

(48) Approx January 10, 2018 I sent "LT Husk" a CF discussing him ordering his subordinates to do this, Id, retaliation, and this reason, Id. On January 14, 2018 Husk returned a written reply in person. In writing he admitted to doing this.

(49) In person Husk also told me that if I continue to submit disrespectful grievances he will retaliate further by taking privileges (phone, recreation, commisary, property or visiting were the only possible privileges I had at the time)(Rather specific "privileges")

(50) Husk violated and chilled my first amendment right to petition, exercise free speech and to use the U.S. mail. He retaliated against me for exercising my right to petition.

## RELIEF SOUGHT

I am seeking compensatory and punitive damages from each one of the above named defendants.

I am seeking injunctive relief against the Idaho Department of Corrections and its employees, including the named defendants.

I seek exspongement of any "c-note" written - lodged - against me for the lawful use of the grievance system as well as the infraction I incurred for "34. Harassment (class B)" (curious, if nothing else, Winmill acknowledges it violated IDOC policy!)

First Amended complaint - 19

I seek injunctive action forbidding IDOC and its employees from refusing to file and process grievances for the use of protected speech as defined by the ninth circuit court of Appeals (Bradly and Brodheim, 2d) and to retaliate for exercising my petition and free speech rights

The court should allow me to amend my petition to cure any deficiencies.

Submitted by: *Kent Williams*    April 16, 2020
Kent Williams

On April 21, 2020 I handed this complaint to E-file to the United States District court for the District of Idaho - as well as the motion to Amend.
*Kent Williams*    April 16, 2020
Kent Williams

First Amended complaint - 20