Kent Williams
119473-ISCC
PO Box 70010
Boise Idaho 83707

Case No: 1:20-cv-00008-*  Inmate Name: Williams, Kent
Date: 12/16/20   Inmate IDOC#: 119473
Document Title: Declaration in support
Total Pages: 2   Inmate Initials Verifying Page Count:____
Document(s) 1 of 1

United States District Court
For the District of Idaho

| Kent Williams, Plaintiff, | 1:20-cv-000008-REB |
|---|---|
| v. | |
| Ass. Warden McKay, et al, Defendants | Declaration in support of Pending Emergency TRO |

I, Kent Williams, Declare under Penalty of Perjury:

I had been sending concern forms to the Warden and Mrs Altig requesting some one "trained in the law" to assist me to help research and write my criminal appeals, a new §1983, and this case. I finally got one returned, answered by the Notorious, Feared, LT Maddox. I cited Casey v Lewis, which, if my memory is right, is rather on point. I cant have access to law books or case law, writing materials, Glasses, ETC. Maddox's reply stated IDOC Policies and current handeling (Practices) will control not too prior court rulings. Their several returned concern forms are very clear. If I want access to courts I must first tell a clinician I am not suicidal. Access is not allowed per Policy (I dont know of the Policy even if a Policy could justify No access or was some how a Defense) while

1 of 2 (Back Page Please copy & E-file)

on suicide watch. These concern forms, at times contradictory, really do show it is not a safety issue. Access is just not allowed. Your appeals be damned. When I suggest "safe" (of course in cell possession is safe and only right thing to do - meaningful) alternatives. "companion guards" while I have paper, books, pen and eye glasses; another room where I am in belly chains with a low desk (can't give paper cuts and eat paper or eye gouge - note no declaration gave clinical evidence/opinion eye gouging is diagnosed with me), many etc's. I've made attempt after attempt to come up with suggestions to that circumvent their absurd claims of safety issues and they all say to some degree "you have access to courts [citing the contraband writs I've filed to this court] if you want more access [meaningful] you must first tell clinicians you are not suicidal and get off watch" These are basically accurate quotes. I'd love to be able to produce a very disturbing pile of returned concern forms for the court.

I believe, one, the restrictions are not legitimately based. Two, <u>Casey v Lewis</u> is on point. They must then, in lieu of being able to read law books, etc, Id., provide legal assistance. The paralegal does not qualify. Nor could she even help if she was, no time to do so. Per Policy (ones that actually do exist!) she can not do legal research or give legal opinion or advice. Certainly she can not write writs for me.

And still, Facts here, I believe a ruling to order such assistance would be error. I have a right to do my own research and writing. I am not impaired and it is an uncomfortable fact there exists no justification to deny me in cell possession of writing paper, pen, case law, law books, and my much needed files, my notes, "legal work" (certainly with quantity limitations on a rotation basis). Thank you.
and glasses..!

Kent Williams  12-16-2020

2/2