Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
T: (208) 724-2617
F: (208) 906-8663
chd@fergusondurham.com

Pro Bono Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ASSOCIATE WARDEN McKAY et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00008-REB<br><br>**PLAINTIFF'S EXPEDITED MOTION FOR THE APPOINTMENT OF A RULE 706 EXPERT** |

　　　　Plaintiff Kent Williams, through pro bono counsel, moves the Court to appoint an independent expert to conduct a mental health evaluation of Mr. Williams and offer an opinion or recommendations to the Court. This motion is based on the facts proffered in the Declaration and Proffer of Counsel filed this date in support of an Emergency Motion for Temporary Restraining Order. (Dkt. 87-2.)

1

This case presents several emergent and acute mental health issues that are beyond the capacity of appointed counsel to present to the Court. Mr. Williams distrusts IDOC and Corizon-affiliated mental health providers and will not cooperate with them. Counsel believes that he may cooperate with an outside provider, particularly if counsel can reassure him of the need for the evaluation and that the evaluator is independent.

Federal courts have discretion to appoint neutral expert witnesses. Fed. R. Evid. 706(a)&(d); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). This Court may exercise its discretion to appoint an independent expert witness when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702. Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *See, e.g., Gamez v. Gonzalez*, 2010 WL 2228427, *1 (E.D.Cal. June 3, 2010) (internal quotations, punctuation and citations omitted). The principal purpose of a court-appointed expert is to assist the trier of fact from a position of neutrality, not to serve as an advocate.

The Court has appointed neutral experts for indigent prisoner plaintiffs before. *See, e.g., Barcella v. Corizon et al*, 1:20-cv-00427-BLW, Dkt. 47, pp. 11-12. Because IDOC has persisted in claiming that Williams is suicidal, and that this status justifies the punitive restrictions under which he is living, an independent expert could assist the

Court in resolving core issues in the case. Williams is indigent, so the Court would either need to assess the cost of the expert to defendants or apportion it in some equitable way. Fed.R.Evid.706(c)(2) (authorizing apportionment); *see, also,* Barcella, at Dkt. 47, p. 12 (assigning $1000 from the Court's pro bono fund, $200 from the prisoner, and the remainder from defendants).

    For these reasons, Plaintiff respectfully moves the Court to grant this motion and appoint a mental health expert to conduct an evaluation on an expedited basis.

    Submitted on this 9th day of March 2021.

                                                   /s/Craig H. Durham

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of March, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Michael J. Elia

    mje@melawfirm.net

    Attorney for IDOC Defendants

    /s/Craig H. Durham