LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

*Attorneys for Defendants Tim McKay,
Jay Christensen, Elizabeth Chappell,
and Lt. Klinton Hust*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| KENT WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>ASSOCIATE WARDEN MCKAY, et al.<br><br>    Defendants. | Case No. 1:20-cv-000008<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS [DKTS 85 & 86]** |

COME NOW Defendants, by and through undersigned counsel of record, Moore, Elia & Kraft, LLP and hereby submit their responses to Plaintiff's Motions, Docket Nos. 85 & 86 as follows:

**ARGUMENT**

   I.   **Motion, Docket No. 85**

To the best of Defendants' understanding, Plaintiff's Motion, Docket No. 85 constitutes a

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS [DKTS 85 & 86] - 1**

request for due processes in the form of in-cell writing paper, and the ability to present a declaration or argument prior to ruling on a motion for temporary restraining order. Moreover, Plaintiff seeks to be served with all record documents from Docket No. 28 forward, the ability to "reply—dispute," and an evidentiary hearing. That Motion also objects to restrictions on Plaintiff's toothbrush usage.

Plaintiff's Motion is, in substance, an inmate concern form, and presents no substantive legal argument—it is merely a list of grievances and requests. That being said, Defendant's Response to Plaintiff's Third Motion for TRO outlines that Plaintiff is currently on suicide watch and is subject to significant property restrictions based on his refusal to communicate with mental health staff or undergo any mental health analysis which might support fewer restrictions. The applicable restrictions, which are part of his mental health treatment plan, prevent Plaintiff from possessing legal records within his cell, although he does have the ability to view such records through his cell window and, subject to a mental health analysis, he would have increased access to such records.

The basis upon which Plaintiff requests an evidentiary hearing is not clear, and Defendants are unaware of any reason why it would be necessary to hold an evidentiary hearing at this time. Plaintiff has been appointed a limited purpose counsel for the purpose of addressing Plaintiff's conditions of confinement and access to courts. See Dkt. 80. It is Defendant's understanding that the issues in Motion, Docket No. 85 fall within the scope of Plaintiff's counsel's representations. With that in mind, Defendants assert that they oppose Plaintiff's Motion to the extent that it warrants any responsive argument or conflicts with Plaintiff's current restrictions. Defendants also object to any suggestion that their conduct violates Plaintiff's Due Process rights or that Plaintiff construes their actions as unlawful. On these bases, the Court

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS [DKTS 85 & 86] - 2**

should deny Plaintiff's Motion, Docket No. 85.

**II.     Motion, Docket No. 86**

Plaintiff's Motion, Docket No. 86 asserts that Plaintiff no longer eats and would like to sue Dr. Campbell, IDOC's Chief Psychologist. It also appears to request that the Court disregard or strike from the record all pleadings filed by Defendants on the basis that Plaintiff wants greater access to documents from the docket. Plaintiff's Motion further lodges complaints about the paper and pens to which he has access. As with Motion, Docket No. 85, Plaintiff presents little or no legal argument in support of his grievances aside from a general assertion of due process.

Defendants object to Plaintiff's request that the Court disregard all pleadings filed by Defendants and see no cognizable basis by which such an action could, or should, be taken. As discussed above, Plaintiff is subject to restrictions based on his mental health treatment plan, and Defendants would oppose any orders which conflict with those restrictions, which are imposed for the purpose of protecting Plaintiff's safety. Defendants deny that their conduct is unlawful or violates Plaintiff's Due Process, and request that the Court deny Plaintiff's Motion.

## CONCLUSION

For all the reasons stated above, Defendants request that the Court deny Plaintiff's Motions, Docket Nos. 85, and 86.

DATED this 15th day of March, 2021.

MOORE ELIA & KRAFT, LLP

*/s/ Michael J. Elia*
Michael J. Elia
Attorneys for Defendants *Tim McKay,
Jay Christensen, Elizabeth Chappell,
and Lt. Klinton Hust*

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS [DKTS 85 & 86] - 3**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2021 I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Craig H. Durham
FERGUSON DURHAM, PLLC
chd@fergusondurham.com

*Attorney for Plaintiff*

                                      */s/ Michael J. Elia*
                                      Michael J. Elia

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS [DKTS 85 & 86] - 4**