UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>               Plaintiff,<br><br>v.<br><br>DEPUTY WARDEN McKAY, et al.,<br><br>               Defendants. | Case No. 1:20-cv-00008-REP<br><br>**ORDER ON PENDING MOTIONS** |

On October 30, 2023, the Court permitted Defendants to proceed with late-propounded discovery on qualified immunity and any other threshold defenses. The Court adjusted all of the pretrial deadlines, including the discovery response date, so that the parties could have adequate facts to brief an early summary judgment motion. Dkt. 206. Plaintiff identified insufficient prejudice to his case resulting from having to respond to the late-propounded discovery requests, and he was provided with an extension of time to respond to any pending requests. Dkt. 206. He did not respond.

Defendants attempted to settle the dispute over Plaintiff's noncompliance in a second "meet and confer" letter of November 28, 2023. Dkt. 208-3 at 5. Plaintiff did not respond to the letter. Dkt. 208-1 at 5.

On January 22, 2024, Defendants requested that the Court impose sanctions upon Plaintiff for failing to comply with Orders requiring him to provide discovery responses

ORDER ON PENDING MOTIONS  - 1

to Defendants. Dkt. 208. In an Order on June 26, 2024, Plaintiff was given notice that the Court would dismiss his pleadings and enter judgment with prejudice against him in this case if he failed to provide discovery to Defendants within 21 days after entry of that Order, citing Federal Rules of Civil Procedure 37 and 41(b). Dkt. 214. The parties were ordered to file a notice of compliance or non-compliance after the deadline. *Id*. The parties were ordered not to file anything else until further Order of the Court. *Id*. In addition, because the Court has addressed Plaintiff's complaints about the prison copy service many times and ordered Plaintiff to cease requesting the same relief, the Court subsequently ordered that "Plaintiff shall not file any further motions or other documents addressing these issues." Dkt. 219 at 2.

To date, Plaintiff has wholly failed to provide responses to Defendants' discovery request. *See* Dkt. 227 ("Second Notice of Noncompliance"). Instead, he has filed numerous other documents contrary to the Court's Orders. *See* Dkt. 215, 216, 217, 220, 221, 223, 224, 225.

The Orders of June 26, 2024 (Dkt. 214) and August 2, 2024 (Dkt. 219) gave Plaintiff adequate notice that the Court would dismiss his pleadings and enter judgment with prejudice against him in this case if he failed to provide discovery to Defendants by the final deadline of September 2, 2024. *See* Fed. R. Civ. P. 37, 41(b). Each Order provided an extension of time for Plaintiff to comply—a total of 41 days. Defendants filed a Second Notice of Noncompliance on September 5, 2024, nine months after they filed their Motion for Sanctions. Plaintiff has had sufficient notice that his case would be dismissed without further notice for his failure to comply.

**ORDER ON PENDING MOTIONS - 2**

Accordingly, for the reasons set forth above and in the Court's prior Orders, and pursuant to Federal Rules of Civil Procedure 37(b) and (d), and 41(b), **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Sanctions (Dkt. 208) is GRANTED.

2. Plaintiff's pleadings, and this entire case, are DISMISSED with prejudice.

3. Plaintiff's Motion for an Evidentiary Hearing (Dkt. 220) is DENIED.

4. Plaintiff's Motion for Copies at No Charge for Appeal (Dkt. 225) is DENIED, given that the appeal has been dismissed (Dkt. 226). In the future, Plaintiff shall direct any such motion to the Ninth Circuit Court of Appeals.

5. Because Defendants assert that they intend to pursue a three strikes ruling against Petitioner at the appropriate time, they are reminded that the three strikes rule applies only to dismissals based on the specific grounds set forth in 28 U.S.C. § 1915(g). It is true that this is Plaintiff's second case dismissed as a result of a discovery-related sanction, *see Williams v. Brooks*, 1:17-cv-00223-DCN, but neither case was dismissed on grounds of having asserted only frivolous or malicious claims or for failing to state a claim upon which relief can be granted. The Ninth Circuit has held that summary judgment dismissals do not count as strikes unless they are decided on § 1915(g) grounds that the complaint was frivolous, malicious, or failed to state a claim. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1044, 1044 n.4 (9th Cir. 2016) (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005), for the principle that "it is not the style or procedural posture of a dismissal that is dispositive, but whether we

can determine, 'after careful evaluation of the order ... and other relevant information,' that the district court dismissed the case on one of the grounds enumerated in § 1915(g).").

DATED: September 25, 2024

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge